UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANNY THOMAS DUNLAP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00112-SEB-KMB |
| | ) | |
| DAVID PLATT Rec Director, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Danny Dunlap, a former inmate at Plainfield Correctional Facility ("PCF"), brought this action alleging constitutional violations related to asbestos exposure at the PCF gymnasium. Dkt. 2. Defendants – David Platt, Keith Hartzel, Donald Emerson, and Gregory Servizzi – have moved for summary judgment. Dkt. 105. Defendants argue that summary judgment is proper because Mr. Dunlap was not subject to an objectively serious condition, they were not deliberately indifferent to the risk of asbestos exposure, and they are entitled to qualified immunity. *Id.* For the reasons explained in this Order, Defendants are entitled to summary judgment on all of Mr. Dunlap's claims and the motion, dkt. [105], is **GRANTED**.

**I.**
**Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because

those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Mr. Dunlap and draws all reasonable inferences in his favor. *Khungar*, 985 F.3d at 572–73.

### A.  The Parties

During the time period at issue, Mr. Dunlap was an inmate incarcerated at PCF. Dkt. 29-1 at 10 (Dunlap's Deposition).

Defendant David Platt was an employee at PCF and managed the operations of the recreation building and the gymnasium. Dkt. 106-3 at 1. He formally held the title of Recreation Coordinator. *Id.*

2

Defendant Jason Servizzi was an employee at PCF and served as the Physical Plant Director. Dk 29-3 at 1. He oversaw all maintenance for the entire PCF facility. *Id*.

Defendant Donald Emerson was an employee at PCF and served as the Warden during the time in question. Dkt. 106-2 at 1.

Defendant Keith Hartzel supervised Mr. Platt and was present at PCF at the gym while work was being done. Dkt 106-1 at 50-51.

### B. Mr. Dunlap's Exposure to Asbestos and PCF Testing

In or about early 2022, the heating system in the PCF gym was not operational, and the cold temperatures caused the floor tiles in the gym to slowly loosen, tile-by-tile. Dkt. 106-3 at 1. When tiles became loose from the floor, Mr. Platt or other recreational workers would remove them from the gym and place them in a closed room. *Id*.

Mr. Dunlap was not one of the rec workers involved in the removal of gym floor tiles. Dkt. 106-3 at 1. Mr. Platt alleges he was not ever aware of aware of the presence of asbestos in the gymnasium prior to the executive staff's decision to remove the flooring. *Id.* at 3.

On or about May of 2022, Plant Director Servizzi learned about the possibility of asbestos within PCF, and another Indiana Department of Correction ("IDOC") employee sent correspondence to have the gym floor tested. Dkt. 106-4 at 1-2.

On May 26, 2022, August Mack Environmental, a licensed asbestos testing company, performed an assessment of the PCF gymnasium. Dkt. 106-5 at 2. The assessment, delivered in mid-June, reported that there was asbestos containing material ("ACM") present within the gym and "the ACMs identified as part of this survey do not require abatement provided that these materials are maintained in good condition (or non-friable state), and they will not be disturbed or impacted (rendered friable) by any renovation or operations and maintenance activities." *Id*. at 4.

3

From early June through mid-October, the gym was shut down per IDOC executive staff. Dkt. 106-3 at 2. After that process was completed in October of 2022, the gym was reopened at the direction of the Warden. Dkt. 106-4 at 2. Before the gym was reopened, numerous steps were taken to properly remove the tile flooring and binding agent identified as containing asbestos, including having a team of individuals trained in the identification and remediation of asbestos come to PCF to remove the flooring and binding agent. Dkt. 106-2 at 2. During this removal and remediation process, the gym was closed to all inmates and to any PCF staff who were not trained in the identification and remediation of asbestos, including the Defendants. Dkt. No. 106-3 at 2.

Mr. Dunlap can only recall "a few, maybe five times" when he entered the gymnasium after it was reopened in 2022 and only when he was directed to by PCF staff. Dkt. 106-1 at 32-33.

In August of 2023, Warden Emerson became aware that portions of the gym's floor tiles – specifically those underneath the bleachers – had been missed by the team that completed the remediation in 2022. Dkt. 106-2 at 1.  Although it was unknown if those tiles or their binding contained asbestos containing material, Mr. Hartzell, at the command of Warden Emerson, directed the gymnasium to be closed out of an abundance of caution on August 2, 2023. Dkts. 106-2 at 2; 106-5 at 15. On August 4, 2023, August Mack again performed asbestos tests within the PCF gymnasium and determined that "all air samples collected within the gymnasium were determined to be below the AHERA clearance level … and therefore, meet the criteria." Dkt. 106-5 at 17.

### C.  Mr. Dunlap's Health Conditions

Mr. Dunlap suffers from mild asthma. Dkt. 106-1 at 69. While incarcerated, he received chronic care visits from nursing staff to continue to check up on the status of his asthma. *Id.* at 74. Occasionally after the incidents in his complaint, Mr. Dunlap would cough up blood. *Id.* at 79. Mr. Dunlap sought medical help for this ailment at the prison, and nurses attributed the condition to

dry air. *Id.*  Although Mr. Dunlap acknowledged that injuries from asbestos exposure take years to show up, he testified that he was concerned because he already is asthmatic, and it could get worse in ten to twenty years. *Id.* at 80. In the years since his alleged exposure, Mr. Dunlap has not been diagnosed with any asbestos-related diseases or suffered injuries that were attributable to asbestos exposure. Dkt. 106-1 at 79.

### III.
### Discussion

Under the Eighth Amendment, "prisoners cannot be confined in inhumane conditions." *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A conditions-of-confinement claim includes both an objective and subjective component. *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). Under the objective component, a prisoner must show that the conditions were objectively serious and created "an excessive risk to his health and safety." *Id.* (cleaned up). Under the subjective component, a prisoner must establish that the defendants had a culpable state of mind — that they "were subjectively aware of these conditions and refused to take steps to correct them, showing deliberate indifference." *Thomas*, 2 F.4th at 720. Proving the subjective component is a "high hurdle" that "requires something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020) (internal quotations omitted). Neither "negligence [n]or even gross negligence is enough[.]" *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008).

Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. at 834. The Eighth Amendment only protects prisoners from conditions that exceed "contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). In other words, "[a]n objectively sufficiently serious risk is one

that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted).

As the Seventh Circuit has explained, "the mere presence of asbestos in a prison does not violate the Eighth Amendment; exposure to moderate levels of asbestos is a common fact of contemporary life and cannot, under contemporary circumstances, be considered cruel and unusual." *Contreras v. Hawk*, 77 F.3d 484 (7th Cir. 1996) (quotation marks and brackets omitted).

### A. Failure to Present Evidence of Injury

The Prison Litigation Reform Act ("Act") states that "(n)o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Mr. Dunlap testified that he suffered no injury from his exposure to asbestos at PCF other than mild asthma. Dkt. 106-1 at 69, 74. Rather, he states that he brings claims to recover potential future medical expenses that he could incur from the exposure in ten to twenty years-time. *Id*. at 80. "Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough." *Daugherty v. Page*, 906 F.3d 606, 611 (7th Cir. 2018) (cleaned up).

Mr. Dunlap has failed to support his claim with any evidence of injury. Mr. Dunlap "offered only conclusory allegations" without specifically citing any harm outside of potential future harm. *See Dixon v. Godinez*, 114 F.3d 640, 645 (7th Cir.1997); *see also Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997) (affirming dismissal of prisoner's Eighth amendment asbestos exposure claim where he did not show requisite physical injury). Mr. Dunlap has failed to present any evidence showing actual injury from any of the conditions he claims existed at the PCF. For this reason, he

has failed to meet injury requirement under the Act. *See Gibson v. Ramsey*, No. 99 C 5315, 2004 WL 407025, at *7 (N.D. Ill. Jan. 29, 2004).

### B. Deliberate Indifference

In the alternative, even if Mr. Dunlap had presented sufficient evidence of injury, he still has not sufficiently proved that the defendants were deliberately indifferent to the risks of his exposure to asbestos. The record reflects that once Mr. Servizzi, Physical Plant Director, discovered that there was a possibility of asbestos present in the gym, IDOC staff promptly requested an assessment from a licensed asbestos testing company. Dkt. 106-4 at 1-2. And although there is conflicting evidence regarding the extent of Mr. Platt and Mr. Hartzell's involvement in the tile-removal process, it is uncontested that none of the defendants knew that there was confirmed asbestos contamination until after August Mack performed their assessment in late May of 2022. Dkt. 106-4 at 1. When PCF staff received the results that confirmed the presence of asbestos in the gym, executive staff members promptly closed the facility and performed remediation. Dkts. 106-2 at 2; 106-3 at 2.

Mr. Dunlap has presented no evidence outside of conclusory allegations this was not the case or that the Defendants were deliberately indifferent in any of their actions after the gym was reopened. Plaintiff is the nonmoving party, so he receives "the benefit of conflicting evidence and reasonable inferences." *Stockton v. Milwaukee County*, 44 F.4th 605, 614 (7th Cir. 2022). That said, he must "produce evidence sufficient to establish [the] element[s] essential to" his claim. *Id.* Accordingly, Defendants David Platt, Keith Hartzel, Donald Emerson, and Gregory Servizzi's motion for summary judgment, dkt. [105], is **GRANTED**.[1]

---

[1] Because the Court concludes that Defendants did not violate the Eighth Amendment, it need not address their alternative argument that they are entitled to qualified immunity.

**IV.**
**Conclusion**

Defendants David Platt, Keith Hartzel, Donald Emerson, and Gregory Servizzi's motion for summary judgment is **GRANTED**. Dkt. [105].

Final Judgment shall now issue.

**IT IS SO ORDERED.**


Date: _____3/2/2026_____

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana


Distribution:

DANNY THOMAS DUNLAP
114840
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel